LMH

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Frank Roy Davis, | ) | No. CV 05-2243-PHX-DGC (VAM) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joseph Arpaio, et al., | ) | |
| Defendants | ) | |

This is one of more than one thousand civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1]  Plaintiff is an inmate at the Towers Jail in Phoenix, Arizona.  The Court will require an answer to the Complaint.

**A.      Application to Proceed *In Forma Pauperis* & Filing Fee**

Plaintiff's request to proceed *in forma pauperis* will be granted.  28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  An initial partial filing fee of $10.00 (based on an average monthly deposit of $50.00) will be assessed by this Order.  28 U.S.C. § 1915(b)(1).  By separate order,

---

[1]Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.).  No such fund exists.  The inmates in Hart asked for injunctive relief and not monetary damages.  The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

TERMPSREF

1   the Court will direct the appropriate agency to collect the initial partial filing fee from

2   Plaintiff's trust account and forward it to the Clerk of Court.

3       Plaintiff will be obligated for monthly payments of 20 percent of the preceding

4   month's income credited to Plaintiff's trust account.  The Court will direct the appropriate

5   agency to collect these monthly payments, which will be forwarded to the Clerk of Court

6   each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.

7   28 U.S.C. § 1915(b)(2).  Plaintiff should take notice that if he is released before the filing fee

8   is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days

9   of the date of his release.  If Plaintiff fails to pay the remainder of the filing fee within 120

10  days of the date of his release, the action will be dismissed, unless Plaintiff shows good

11  cause, in writing, why he is unable to pay the remainder of the filing fee.

12  **B.**    **Statutory Screening of Prisoner Complaints**

13      The Court is required to screen complaints brought by prisoners seeking relief

14  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

15  § 1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised

16  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

17  may be granted, or that seek monetary relief from a defendant who is immune from such

18  relief. 28 U.S.C. § 1915A(b)(1), (2).

19  **C.**    **Complaint**

20      In his Complaint Plaintiff alleges three counts for relief regarding conditions at the

21  Towers Jail:  (1) he has suffered various stomach-related ailments from an inadequate diet;

22  (2) he fears for his safety and suffers tension from overcrowded conditions; and (3) he has

23  contracted various infections from unsanitary conditions.  Plaintiff sues the Maricopa

24  County Sheriff's Office and Sheriff Joseph Arpaio.  Plaintiff further alleges that Arpaio is

25  liable because he enacts the policies at the jail.  Plaintiff claims that Arpaio has said that

26  inmates are served disgusting food to teach them about his idea of proper punishment.

27  These allegations adequately state a claim, and the Court will require Defendant Arpaio to

28  answer to the Complaint.

1    Defendant Maricopa County Sheriff's Office, however, will be dismissed.  The
2    Maricopa County Sheriff's Office is not a proper Defendant.  In Arizona, the responsibility
3    of operating jails and caring for prisoners is placed by law upon the sheriff.  See A.R.S.
4    § 11-441(A)(5); A.R.S. § 31-101.  A sheriff's office is simply an administrative creation of
5    the county sheriff to allow him to carry out his statutory duties, and not a "person"
6    amenable to suit pursuant to § 1983.  Accordingly, the Maricopa County Sheriff's Office
7    will be dismissed from this action as an improper Defendant.

8    **D.**    **Rule 41 Cautionary Notice**

9    Plaintiff should take notice that if he fails to timely comply with every provision of
10   this Order, or any order entered in this matter, this action will be dismissed pursuant to
11   Rule 41(b) of the Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258,
12   1260-61 (9th Cir.) (district court may dismiss action for failure to comply with any order of
13   the Court), cert. denied, 506 U.S. 915 (1992).

14   **IT IS THEREFORE ORDERED that:**

15   (1)  Plaintiff's Application to Proceed *In Forma Pauperis* is granted.  Plaintiff is
16   obligated to pay the statutory filing fee of $250.00 for this action.  The Maricopa County
17   Sheriff or his designee shall collect from Plaintiff's trust account an initial partial filing fee
18   in the amount of $10.00 and shall forward the amount to the Clerk of Court.  Said payment
19   shall be clearly identified by the name and number assigned to this action.

20   (2)  The Maricopa County Sheriff or his designee shall collect the filing fee from
21   Plaintiff's trust account by collecting monthly payments in an amount equal to 20 percent
22   of the preceding month's income credited to Plaintiff's trust account and forwarding the
23   payments to the Clerk of the Court each time the amount in the account exceeds $10.00 in
24   accordance with 28 U.S.C. § 1915(b)(2).  The payments shall be clearly identified by the
25   name and number assigned to this action.

26   (3) Defendant Maricopa County Sheriff's Office is **dismissed** from this action.  The
27   Clerk of Court shall send Plaintiff a service packet including the Complaint, this Order, and
28   both summons and request for waiver forms for Defendant Arpaio.

1    (4)  Plaintiff shall complete and return the service packet to the Clerk of Court within

2    20 days of the date of filing of this Order.  The United States Marshal will not provide

3    service of process if Plaintiff fails to comply with this Order.

4    (5) If Plaintiff does not either obtain a waiver of service of the summons or complete

5    service of the Summons and Complaint on each Defendant within 120 days of the filing of

6    the complaint or within 60 days of the filing of this Order, whichever is later, the action may

7    be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules

8    of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

9    (6)  The United States Marshal shall retain the Summons, a copy of the Complaint,

10   and a copy of this Order for future use.

11   (7) The United States Marshal shall notify Defendant of the commencement of this

12   action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal

13   Rules of Civil Procedure.  The notice to Defendant shall include a copy of this Order.  The

14   Marshal shall file waivers of service of the summons or requests for waivers that were

15   returned as undeliverable as soon as they are received.  If a waiver of service of summons

16   is not returned by a Defendant within thirty days from the date the request for waiver was

17   sent by the Marshal, the Marshal shall:

18   (a)  Personally serve copies of the Summons, Complaint, and this Order upon

19   the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

20   (b)  Within 10 days after personal service is effected, file the return of service

21   for the Defendant, along with evidence of the attempt to secure a waiver of service

22   of the summons and of the costs subsequently incurred in effecting service upon

23   the Defendant.  The costs of service shall be enumerated on the return of service

24   form (USM-285) and shall include the costs incurred by the Marshal for

25   photocopying additional copies of the Summons, Complaint, or this Order and for

26   preparing new process receipt and return forms (USM-285), if required.  Costs of

27   service will be taxed against the personally served defendant pursuant to Rule

28

4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendant shall answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or responsive pleading shall state the specific Defendant(s) by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

(11) Plaintiff shall serve upon Defendant, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendant or counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

(12) At all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

(13) A clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the

1   District Judge or Magistrate Judge to whom the case is assigned. Failure to comply with
2   this requirement may result in the pleading or document being stricken without further
3   notice to Plaintiff.

4       (14)   This matter is referred to Magistrate Judge Lawrence O. Anderson under Local
5   Rules of Civil Procedure 72.1 and 72.2 for further proceedings.

6       DATED this 9th day of November, 2005.

David G. Campbell
United States District Judge